UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHANYERLY KARLING S. VARGAS
ZAPATA,

          Petitioner,

v.

UNKNOWN PARTY et al.,

          Respondents.

_____/

Case No. 1:26-cv-1930

Honorable Robert J. Jonker

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice to the extent that it is based upon Petitioner's conditions of confinement and will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice on all other grounds.

**Discussion**

**I.**     **Procedural History**

This habeas petition challenges the lawfulness of Petitioner's current detention based on her TPS[1], the lack of a § 1226(a) bond hearing, and "medical negligence." (*See* Pet., ECF No. 1.)

---

[1] Under 8 U.S.C. § 1254a, the Secretary for the Department of Homeland Security

may designate a foreign state for TPS when nationals of that state cannot return there safely due to armed conflict, natural disaster, or other "extraordinary and temporary conditions," unless the Secretary "finds that permitting the [noncitizens]

Petitioner asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (*Id.*, PageID.2.) In an order entered on June 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on July 6, 2026, (ECF No. 6.)

## II.    Factual Background

Petitioner is a native and citizen of Venezuela who entered the United States in 2022. (2022 Form I-213, ECF No. 6-1, PageID.84.) Petitioner applied for and was granted TPS pursuant to the 2023 TPS Designation for Venezuela. (TPS Approval Notice, ECF No. 6-3, PageID.89.) Petitioner applied to renew her TPS status following its expiration on April 2, 2025, but has not received any response. (Pet., ECF No. 1, PageID.6.)[2]

---

to remain temporarily in the United States is contrary to the national interest of the United States."

*Nat'l TPS All. v. Noem*, 150 F.4th 1000, 1010 (9th Cir. 2025) (quoting 8 U.S.C. § 1254a(b)(1)(C)). "Such a designation permits certain nationals of the foreign state, who have continuously resided in the United States since the effective date of the designation, to register for employment authorization and protection from deportation for the duration of the TPS period." *Id.* (quoting 8 U.S.C. § 1254a(a)(1), (b)(2)). Additionally, there are other restrictions, including, for example, that applicants for TPS "must not have been 'convicted of any felony or 2 or more misdemeanors committed in the United States.'" *Id.* (quoting 8 U.S.C. § 1254a(c)(2)(B)(i)). Further, "TPS does not provide beneficiaries with a pathway to permanent resident status, nor does it include any right to petition for visas on behalf of family members in the United States or abroad." *Id.*

[2] With respect to TPS for Venezuela, "[o]n January 17, 2025, Secretary Mayorkas extended the 2023 [TPS] Designation by eighteen months, through October 2, 2026." *Nat'l TPS All. v. Noem*, 166 F.4th 739, 751 (9th Cir. 2026) (footnote and citation omitted). "The extension was set to become effective on April 3, 2025," the day after the 2023 TPS Designation was due to expire. *Id.* (citation omitted). "On January 24, 2025, DHS began drafting the decision to vacate the TPS extension" for Venezuela. *Id.* Thereafter, on January 26, 2025, "DHS began drafting a termination of Venezuela's TPS." *Id.* On January 28, 2025, Secretary Noem signed off on the decision to vacate the January 17, 2025, extension of TPS for Venezuela, meaning that the 2023 TPS Designation for Venezuela effectively expired on April 2, 2025. (*Id.*) Subsequently, on February

On March 22, 2026, Petitioner was arrested by the Berrien County Sheriff's Office on charges of Felony Obstructing Police, Felony Dangerous Drugs, and Misdemeanor Damage to Property, which remain pending. (2026 Form I-213, ECF No. 6-4, PageID.94.) At that time, ICE lodged a detainer. (*Id.*, PageID.93.) On March 28, 2026, Petitioner was taken into custody by ICE. (*Id.*) The Department of Homeland Security (DHS) issued Petitioner a Form I-862, Notice to Appear (NTA), charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 6-7, PageID.111.)

On June 8, 2026, an Immigration Judge denied Petitioner's request for bond, stating "Mandatory detention due arrest for assault on police officer." (Immigration Judge Order, ECF No. 6-9, PageID.127.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-

---

1, 2025, "Secretary Noem signed off on the termination [of TPS]" for Venezuela. *Id.* (citation omitted). Secretary Noem did not terminate the 2021 TPS Designation for Venezuela, however, the 2021 TPS Designation "had only been extended to September 10, 2025." *Id.* (citation omitted).

related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV.    Discussion**

Petitioner first seeks habeas relief based upon her prior TPS status. However, on June 25, 2026, the Supreme Court held that 8 U.S.C. § 1254a(b)(5)(A) precludes judicial review of all non-constitutional claims related to TPS. *Mullin v. Doe*, No. 25–1083, 2026 WL 1825840, at *7 (U.S. June 25, 2026). Accordingly, Petitioner is not entitled to relief based upon an alleged violation of § 1254a(d)(4) or her prior TPS, and the Court will deny any such claims without prejudice.

Petitioner also seeks habeas relief based upon the conditions of her confinement, including what she describes as "medical negligence." (Pet., ECF No. 1, PageID.6.) However, Petitioner's request for relief on this basis will be dismissed as § 2241 "is not the proper vehicle for a prisoner to challenge conditions of confinement." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Petitioner's medical care claims "fall outside of the cognizable core of habeas corpus relief," *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006), and should instead be brought as a civil rights complaint. *See Richards v. Taskila*, 2020 WL 6075666, at *1 (6th Cir. Sept. 3, 2020) ("As the district court noted, habeas review is limited to claims challenging the fact or duration of a prisoner's confinement, and constitutional challenges to the conditions of a confinement are more appropriately brought in a § 1983 civil rights action").

Finally, Petitioner claims that she has not been provided with a § 1226(a) bond hearing. (Pet., ECF No. 1, PageID.2.) Respondents counter Petitioner's arguments claiming that Petitioner is subject to mandatory detention under § 1226(c) because she was charged with assaulting a law enforcement officer. (Resp., ECF No. 6, PageID.73.)

Section 1226(c)(1)(E) provides, in relevant part, that "[t]he Attorney General shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having

4

committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense . . ." 8 U.S.C. § 1226(c)(1)(E). Unlike § 1226(a), which allows for release on bond, § 1226(c) stipulates that release from detention is available "only if the [noncitizen] is released for witness-protection purposes." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (internal quotation marks and citations omitted).

Here, Petitioner does not contest Respondents' claim that she was arrested assaulting a law enforcement officer and there is nothing in the record to call that claim into question.[3]

Therefore, based on the record before the Court, it appears that Petitioner is subject to mandatory detention under § 1226(c), and that she is thus not entitled to a bond hearing before an immigration judge. Therefore, the Court will, therefore, deny the Petitioner without prejudice on this basis.

## Conclusion

For the reasons discussed above, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice to the extent that it is based upon

---

[3] If Petitioner believes that her detention does not fall within the scope of § 1226(c), she may request what is known as a "Joseph hearing." *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). At such a hearing, she would have the opportunity to "avoid mandatory detention by demonstrating that [s]he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that [s]he is in fact subject to mandatory detention." *Jennings v. Rodriguez*, 583 U.S. 281, 289 n.1 (2018) (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003)). To receive a *Joseph* hearing, Petitioner must request one from an immigration judge. *See* 8 C.F.R. § 1003.19(a). The Court takes no position on whether Petitioner is, in fact, entitled to a *Joseph* hearing.

Petitioner's conditions of confinement and will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice on all other grounds.


Dated:   July 14, 2026                              /s/ Robert J. Jonker
                                                    Robert J. Jonker
                                                    United States District Judge